(No. 4037

ELIZABETH SOPER, Claimant, *vs.* STATE OF ILLINOIS, Respondent.
*Opinion filed March 16, 1948.*

WARNER AND WARNER, for Claimant.

GEORGE F. BARRETT, Attorney General; WILLIAM L. MORGAN, Assistant Attorney General, for Respondent.

DAMRON, J.

This complaint alleges that the claimant, Elizabeth Soper, is the surviving widow of Elijah L. Soper, who departed this life July 11, 1947 leaving her as his sole and only heir at law of his personal property.

It further alleges that Elijah L. Soper was for several years prior to his death employed by the respondent as a plumber at the Dixon State Hospital and that on November 3, 1946 he completed a full year of employment at said Dixon State Hospital and by the rules of employment then in force he thereby became entitled to twelve (12) days vacation with pay, but no part of said vacation was ever taken by him so that at the time of his death he was still entitled to twelve (12) days of vacation.

The complaint further alleges that at the time of his death the hourly rate of pay which was then being paid to him was $1.95.

Claimant alleges that she is entitled to receive from the respondent an amount equal to twelve (12) days pay at the rate which was being paid to him at the time of his death amounting to the sum of $187.20.

A motion to dismiss the complaint has been filed by the Attorney General for the reason that the claim is not compensable under the laws of the State of Illinois.

This court has passed on claims similar to the one at bar.

In *Tripp* vs. *State*, 10 C.C.R. 137, the claimant was formerly an assistant Quartermaster General in the Military and Naval Department of the State of Illinois. He made a claim for $208.00 representing one-half month's salary claimed to be due him for a period of two weeks for a vacation during the years 1932-1933, for which he claimed he was entitled. In his claim he alleged that he did not receive a vacation during said period due to the fact that his work at the time was such that his absence from the office was not practicable; that having been entitled to an additional two weeks pay for this vacation period, he was entitled to an award.

The Attorney General filed a motion to dismiss the claim for the reason it failed to state a legal cause of action against the State.

In denying the claim, this court cited *Crooker* vs. *Sturgis*, 175 N. Y. 158. This case was based upon a demand for additional pay because of a vacation period which had not been availed of by the plaintiff, the court held, "a vacation is a personal privilege that can be waived." In this case, as in the *Crooker case supra*, there is no showing that a request for a vacation was ever made by Mr. Soper or such vacation denied to him.

At the same term of this court another claim was denied to Myrtle Lewis, claimant (*Lewis* vs. *State*, 10 C.C.R. 136.) This was a claim for additional pay during vacation period not availed of. The court in denying the Lewis claim cited the case of *Tripp* vs. *State, supra*, and held it was controlling in the Lewis claim.

The complaint in this case shows that Mr. Soper completed a full year of employment for the State and it is presumed that he was paid his salary from month.

to month as issued to him by monthly warrants by the State of Illinois, and which on the face covered the period of service for which salary was thereby paid.

Since the deceased accepted the amounts due him for services rendered during stated periods, his widow cannot claim an award from the State for an additional amount for those periods.

There being no basis for an award, the motion of the Attorney General to dismiss this claim must be sustained and the claim dismissed.